UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. CONGRESS,<br><br>　　　　　Defendant. | CASE NO. 1:16-cv-01282-DAD-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(ECF No. 2)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

　　　Plaintiff is a state prisoner proceeding pro se in a civil rights action brought pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's August 30, 2016 motion to proceed in forma pauperis. (ECF No. 2.)

　　　28 U.S.C. § 1915 permits a federal court to authorize the commencement and prosecution of an action without prepayment of fees by an individual who submits an affidavit demonstrating that he is unable to pay the fees. However,

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

>     fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The imminent danger exception applies if "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). The Ninth Circuit interprets "imminent danger" to mean "ongoing danger," meaning the prisoner must allege that prison officials have continued with a practice that has injured him or others similarly situated in the past. Id. at 1056-57.

Here, Plaintiff has incurred at least three "strikes" within the meaning of 28 U.S.C. § 1915(g).[1] Accordingly, he may only proceed in forma pauperis if he was in "imminent danger of serious physical injury at the time of filing." Andrews, 493 F.3d at 1055 (internal quotation marks omitted).

Plaintiff's pleading does not meet the imminent danger requirement. Plaintiff's allegations are difficult to understand but appear to relate to what he believes is an improper sealing of records in Riverside County Court, falsification of records in "Los Angeles federal court," attempts by the California Department of Corrections and Rehabilitation ("CDCR") to prevent Plaintiff from obtaining counsel in a separate action, concealment of evidence, related misconduct by judges, and the like. Plaintiff also alleges that his family has been improperly contacted by CDCR to maintain communications with informants in prison. These facts do not suggest any danger of physical injury.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion to proceed in forma pauperis be DENIED, and that Plaintiff be required to pay the filing fee in full

---

[1] The Court takes judicial notice of the following cases: Pierce v. Gonzales, No. 1:10-cv-00285-JLT (E.D. Cal. Dec. 3, 2012) (dismissed for failure to state a claim); Pierce v. Obama, No. 1:15-cv-00650-LJO-DLB (E.D. Cal. Dec. 1, 2015) (dismissed for failure to state a claim); Pierce v. McEwen, No. 2:12-cv-8240 UA (CW) (C.D. Cal. Oct. 11, 2012) (dismissed for failure to state a claim). The Court also takes judicial notice of Pierce v. Unknown, No. 15-17511 (9th Cir. April 6, 2016) (concluding Plaintiff has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted).

before proceeding in this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   September 12, 2016          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE