UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>U.S. CONGRESS,<br><br>　　　　Defendant. | CASE NO. 1:16-cv-01282-DAD-MJS (PC)<br><br>**ORDER DENYING MOTION FOR DISQUALIFICATION**<br><br>**(ECF No. 5)**<br><br>**SUPPLEMENTAL FINDINGS AND RECOMMENDATION TO DENY MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(ECF No. 2)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in a civil action.

**I.　Procedural History**

Plaintiff initiated this action on August 30, 2016 by filing a civil rights complaint form entitled "Petition to Congress." (ECF No. 1.) He simultaneously filed a motion to proceed in forma pauperis. (ECF No. 2.)

On September 13, 2016, the undersigned issued findings and a recommendation to deny the motion to proceed in forma pauperis on the grounds Plaintiff had incurred

three "strikes" within the meaning of 28 U.S.C. § 1915(g) and had not raised allegations of imminent danger. (ECF No. 4.)

On September 26, 2016, Plaintiff filed objections to the findings and recommendation and simultaneously filed a motion for disqualification. (ECF No. 5.) Although not specifically stated, the Court presumes Plaintiff seeks to disqualify the undersigned. Accordingly, the motion for disqualification is addressed here.

Furthermore, Plaintiff's objections raise a new argument against denying him in forma pauperis status. As this argument was not addressed in the Court's September 13, 2016, findings and recommendation, the Court here supplements its said findings, but nevertheless again recommends that Plaintiff's motion to proceed in forma pauperis be denied.

**II.     Motion for Disqualification**

Plaintiff seeks to disqualify the undersigned pursuant to 28 U.S.C. §§ 144, 351, 352, and 455.

Motions to disqualify or recuse a judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. See 28 U.S.C. § 144. Similarly, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1).

A judge finding a § 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. See id.; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. Sibla, 624 F.2d at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient). An affidavit filed pursuant to § 144

"is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." Id. at 868 (citation omitted).

The substantive test for personal bias or prejudice is identical under §§ 144 and 455. See Sibla, 624 F.2d at 867. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under § 144 will raise a question concerning recusal under §§ 455(a) and (b)(1) as well. Sibla, 624 F.2d at 867. Under either statute, the bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky, 510 U.S. at 555.)

Plaintiff's request for disqualification appears to be based upon his disagreement with the findings and recommendations, his erroneous belief that the undersigned has removed petitioners or parties from the "record and/or action," and his contention that unspecified "judicial officers" are "concealing" the constitutional violations he complains of. These contentions do not raise a question of bias or partiality on the part of the undersigned that arises from an extrajudicial source. The allegations therefore are insufficient under §§ 144 and 455.

Plaintiff also seeks disqualification under 28 U.S.C. §§ 351 and 352. Section 351 allows any person to bring a written complaint against a judge by filing same "with the clerk of the court of appeals for the circuit." 28 U.S.C. § 351(a). Such complaints are reviewed by the Chief Judge for the circuit. 28 U.S.C. § 352. These provisions are not applicable to Plaintiff's motion, which is filed in the district court.

Plaintiff's motion for disqualification will be denied.

**III.     Motion to Proceed in Forma Pauperis**

Plaintiff now contends that this action is not subject to the constraints of 28 U.S.C. 1915(g) because it is a "Petition to Congress."

The nature of Plaintiff's action is indeed unclear. However, his "petition" is presented on a form civil rights complaint. It contains allegations regarding the violation of his constitutional rights by employees of the California Department of Corrections and Rehabilitation.  As such, it seems intended to initiate an action pursuant to 42 U.S.C. § 1983. At the same time, however, the only named defendant in the case is the United States Congress, which would seem to indicate, if anything, an intention to sue in this court for liability under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

Alternatively, Plaintiff may intend to bring a petition for a writ of mandamus, with Congress as the respondent. Such actions, however, have been abolished in the federal district courts. Fed. R. Civ. P. 81(b).

If Plaintiff simply intended to petition directly to Congress, his petition is not properly filed in this Court.

Regardless, Plaintiff has in fact initiated a "civil action" in this Court and has sought leave to proceed in forma pauperis. <u>See</u> 28 U.S.C. § 1915(g). His entitlement to proceed in forma pauperis therefore is subject to the provisions of 28 U.S.C. § 1915(g). For the reasons stated in the Court's September 13, 2016 findings and recommendation (ECF No. 4), such leave should be denied.

**IV.     Conclusion, Order, and Recommendation**

Based on the foregoing, Plaintiff's motion for disqualification (ECF No. 5) is HEREBY DENIED.

Additionally, it is HEREBY RECOMMENDED that Plaintiff's motion to proceed in forma pauperis be DENIED pursuant to 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendations, any party

4

may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   September 29, 2016         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE